**Freddy RAMOS, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Respondent–Appellee.**

No. 03–2636.

United States Court of Appeals, Second Circuit.

Aug. 6, 2004.

Robert L. Moore, Hempstead, NY, for Appellant.

Leonard Joblove, Assistant District Attorney, Kings County, (Charles J. Hynes, District Attorney, Diane R. Eisner, Assistant District Attorney, on the brief) Brooklyn, NY, for Appellee.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Freddie Ramos appeals from a judgment denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows.

Assuming Ramos could clear the procedural hurdles raised by respondent, he fails to establish that the state trial court's adjudication rested on an unreasonable determination of the facts in light of the evidence before the trial court.[1] *See* 28 U.S.C. § 2254(d)(2). After receiving a report from an alternate juror that two jurors discussed the merits of the case after having been warned not to do so, the trial court questioned all jurors about the alleged comments and the impact of those comments on their ability to be impartial. The judge concluded that only the jurors who had been identified by the alternate juror as making inappropriate comments needed to be excused and declined to order a mistrial. The core of Ramos's argument is that the statements of the jurors implicated other jurors in inappropriate discussion. Although it is true that certain jurors identified jurors other than the two excused jurors as having participated in discussions of the proof, this testimony was often conflicting and/or confused. Therefore, contrary to Ramos's position the state court judge did not unreasonably determine the facts.

Therefore, we affirm the judgment of the district court.

---

1. At oral argument petitioner specifically stated that he argues only an unreasonable determination of the facts, not an unreasonable application of Supreme Court precedent by the state court. *See* 28 U.S.C. § 2254(d)(1).